UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| VIDA DEAS,<br>    plaintiff | : | |
| | : | |
| v. | : | No. 3:09-cv-328 (CFD) |
| | : | |
| UNITED STATES OF AMERICA,<br>    defendant | : | |

**RULING DISMISSING CIVIL COMPLAINT**

Vida Deas is a criminal defendant in a pending case involving an alleged drug distribution conspiracy in the Hartford, Connecticut area. He has filed this action *pro se*, alleging a violation of 42 U.S.C. § 1983, and styling the claim as a class action suit, based on the Government's equation of "cocaine base" with "crack" for purposes of criminal prosecutions under 21 U.S.C. § 841(b) and in the corresponding U.S. Sentencing Guidelines.

It is well-settled that Section 1983 actions are not "appropriate vehicles for challenging the validity of outstanding criminal judgments." Heck v. Humphrey, 512 U.S. 477, 486 (1994). In order to protect against such collateral attack against state convictions or sentences, the Supreme Court required proof that the state conviction or sentence has been invalidated before a § 1983 action could arise. Covington v. City of New York, 171 F.3d 117, 124 (2d Cir.1999), cert. denied, 528 U.S. 946 (1999). If success on a Section 1983 claim would necessarily imply the invalidity of a conviction in a pending criminal prosecution, such a claim does not accrue so long as the potential for a judgment in the pending prosecution continues to exist. Id.

In light of these principles, the Court finds that Deas's civil complaint is frivolous and fails to state a claim upon which relief may be granted. The case is dismissed pursuant to 28 U.S.C. § 1915(e)(2).

SO ORDERED this 25th day of March, 2009, at Hartford, Connecticut.

    /s/ Christopher F. Droney
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**